UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN C. DREWA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-24-CV-1237-FB (HJB) |
| | § | |
| SAN ANTONIO ZOOLOGICAL SOCIETY, INC., | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant's Rule 12(b)(6) Motion to Dismiss (Docket Entry 8.)  The District Court has referred pretrial matters in this case to the undersigned for consideration.  (*See* Docket Entry 4.)  For the reasons stated below, I recommend that Defendant's motion (Docket Entry 8) be **GRANTED**, and that Plaintiff be required to amend his complaint.

**I.      Jurisdiction.**

Plaintiff, proceeding *pro se*, filed a complaint alleging violations of the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. § 12188,  the United States Constitution, and intentional infliction of emotional distress ("IIED") under state law. (Docket Entry 1, at 2–3.)  The Court has original jurisdiction over federal claims pursuant to 28 U.S.C. § 1331, and it may exercise supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.  The undersigned issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**II.     Background.**

Plaintiff's complaint alleges no facts. However, in responding to Defendant's motion to dismiss, Plaintiff attached an "Affidavit of Truth and Fact" which alleges that, on December 4, 2023, he purchased a ticket to visit the San Antonio Zoo, but was denied access when he refused to fill out a form regarding his service animal. (Docket Entry 9, at 8.) Plaintiff appears to allege that San Antonio Zoon refunded his ticket money. (*See id.* (referring to evidence of ticket refund); Docket Entry 1 at 4 (same).) Plaintiff alleges that Defendant's conduct violated the ADA and his constitutional rights, and that Defendant intentionally inflicted emotional distress in violation of state law. (Docket Entry 1, at 3.)

Defendant moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. (Docket Entry 8.) As noted above, Plaintiff responded with factual allegations that were not included in his complaint. (Docket Entry 9.) Defendant has replied, reurging dismissal and objecting to the Court's consideration of evidence presented in Plaintiff's response. (Docket Entry 10.)

**III.    Analysis.**

Under Rule 12(b)(6), a party may move to dismiss a complaint if it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6); *see also* FED. R. CIV. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). In reviewing a Rule 12(b)(6) motion, the court accepts all well-pleaded facts as true and views all facts in the light most favorable to the plaintiff. *Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 439 (5th Cir. 2021). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

2

550 U.S. 544, 570 (2007). A complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557). While detailed factual allegations are not required, the facts alleged "must be enough to raise a right to relief above the speculative level." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff cannot merely cite to some statute and state in a conclusory fashion that the defendant violated [it]." *Brauckmiller v. Univ. of. Tex. San Antonio*, SA-23-CV-01182-XR, 2024 WL 5265296, at *6 (W D. Tex. Dec. 20, 2024).

The court must also generally limit itself to the contents of the pleadings and attachments thereto. *Brand Coupon Network LLC v Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). However, the Court may also consider documents central to the pleadings that are included in the motion to dismiss or response, at least when "[n]o party questions the authenticity of [the] documents and [they] were sufficiently referenced in the complaint to permit their consideration on a motion to dismiss." *Walch v. Adjutant Gen.'s Dept. of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008).

In this case, the complaint states no facts whatsoever; it simply asserts violations of law in an entirely conclusory fashion. (Docket Entry 1, at 2–3.) The complaint makes reference to exhibits (*see id.* at 3–4), but no exhibits were attached to it. And although Plaintiff does include factual assertions in his "Affidavit of Truth and Fact" attached to his response to Defendant's motion to dismiss (*see* Docket Entry 9, at 8), Defendant objects to the document and argues that,

3

even if it were considered, Plaintiff has failed to state a cause of action for any of his claims (Docket Entry 10).[1]

Because Defendant disputes the validity and utility of the attachment to Plaintiff's response, the Court should not consider it in determining the sufficiency of Plaintiff's complaint. And because a complaint devoid of any facts at all does not contain "enough facts to state a claim to relief that is plausible on its face," Defendant's motion should be granted. *See Twombly*, 550 U.S. 544, 570 (2007).

Nevertheless, *pro se* litigants like Plaintiff should usually be given a chance to amend their complaint to cure any identified deficiencies. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam) ("Generally, a district court errs in dismissing a pro se complaint for failure to state a claim without giving the plaintiff an opportunity to amend.")  Accordingly, Plaintiff should be given an opportunity to file an amended complaint.  Plaintiff is admonished, however, that after receiving another chance to allege his "best case," the Court may foreclose additional opportunities to amend and dismiss the complaint with prejudice if its failure to state a plausible claim for relief persists.  *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) ("[L]eave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'") (citation omitted); *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. Aug. 26, 2008) ("[A] plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint.") (citation omitted).

---

[1] Defendant argues, among other things, that even if the affidavit were considered, money damages are not available for Plaintiff's ADA claim, and Plaintiff cannot possibly make a valid allegation that Defendant engaged in conduct so extreme and outrageous as to permit recovery for IIED. (*See id.* at 3–5.)

### IV. Conclusion and Recommendation.

For the foregoing reasons, I recommend that Defendant's Rule 12(b)(6) Motion to Dismiss (Docket Entry 8) be **GRANTED,** and Plaintiff should be permitted to amend his complaint to allege sufficient facts to support his claims for relief.

### V. Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and

Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on February 11, 2025.

Henry J. Bemporad
United States Magistrate Judge